Mahesh Bajoria, SBN224849
Law Offices of Mahesh Bajoria
3155 Kearney Street, Suite 110
Fremont, CA 94538
Telephone (510) 791-9911
Facsimile (510) 791-9912
Email: mahesh@bajorialaw.com

Nilesh Choudhary, State Bar No. 219425
CHOUDHARY LAW OFFICE
1100 Melody Lane, Ste 102
Roseville, CA 95678
Telephone (916) 342-5461
Email: nilesh.choudhary@gmail.com
Attorney for Plaintiffs,
RIKESH P. LAL, NILESH P. LAL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIKESH P. LAL, NILESH P. LAL | Case No. |
| Plaintiffs | **COMPLAINT (ERISA)** |
| v. | |
| THE VANGUARD GROUP, INC., and DOES 1-100, inclusive | |
| Defendants | |

COMPLAINT
1

Plaintiffs, Rikesh P. Lal, and Nilesh P. Lal allege as follows:

1.     This case arises out of Defendants' refusal to pay decedent Anjila D. Lal's ("Decedent") designated beneficiaries and sons Rikesh P. Lal and Nilesh P. Lal ("Beneficiaries") for purposes of decedent's 401K TMPG Pension Plan ("Plan").

2.     The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

**JURISDICTION:**

3.     Plaintiff beneficiaries brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) and § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE:**

4.     Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ERISA-governed plan at issue was administered in part in this District.

**INTRADISTRICT ASSIGNMENT:**

5.     Pursuant to Local Civil Rule 3-2(d), this action should be assigned to the San Francisco/Oakland Division, because Alameda County is where the Plan is administered in part

**THE PARTIES:**

6.     Plaintiff beneficiaries are the designated beneficiaries under the Plan.

7.     Defendant, the Vanguard Group, Inc. ("Vanguard") has, at all times material to this complaint, been the designated administrator and holder of funds on behalf of decedent.

**FACTS:**

8.      Decedent had been employed by Kaiser Permanente Medical Group ("KPMG") from around 1995 to 2017.  As part of Decedent's compensation, KPMG offered a 401k pension wherein Decedent participated during her employment.

9.      On February 1, 2018, Decedent executed beneficiary forms naming Plaintiff beneficiaries to each have a 50% beneficiary right in the Plan if Decedent were to pass away.

10.      Decedent passed away on September 30, 2018.  Beneficiaries have taken the requisite steps to receive the Plan proceeds consistent with the decedent's Plan but Vanguard has refused to meet their obligations under the Plan contending a dispute in Plan proceeds despite decedent's designating Plaintiffs as sole beneficiaries.

**I.      FIRST CLAIM FOR RELIEF [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against All Defendants]**

11.      Plaintiff incorporates Paragraphs 1 through 13 as though fully set forth here.

12.      Plaintiff has exhausted her administrative remedies.

13.      ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

14.      ERISA requires the Plan to be administrated consistent with policy and procedures including acting consistent with Decedent's designation of Plaintiff as sole beneficiaries.

15.      Despite these expressed obligations owed by Vanguard to Decedent wherein Plaintiff are designated third party beneficiaries, Vanguard refuses to meet their obligation under the Plan compelling relief to Plaintiff in this matter.

//
//

**II.    SECOND CLAIM FOR RELIEF: [Claim for Breach of Fiduciary Duty Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against All Defendants, for Failure to Administer Plan in Accordance with Applicable Law]**

16.     Plaintiff incorporates Paragraphs 1 through 53 as though fully set forth here.

17.     ERISA § 404(a), 29 U.S.C. § 1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

18.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a beneficiary of a plan to File suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations. ERISA § 205(a)(2), 29 U.S.C. § 1055(a)(2), is part of Title I of ERISA.

19.     By engaging in the acts and omissions described above, including but not limited to interpreting the Plan in a manner contrary to applicable federal law and plan obligation, Plaintiff have sustained injury compelling relief through this action.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

**As to the First Claim for Relief:**

A.     Declare that Defendants have violated the terms of the Plan;

B.     Order Defendants to direct proceeds to Plaintiffs with prejudgment interest;

C.     Award Plaintiffs reasonable attorneys' fees and costs of suit; and

D.     Provide such other relief as the Court deems equitable and just.

//

**As to the Second Claim for Relief:**

A.    Declare that Defendants breached their fiduciary duty to Plaintiffs;

B.    Declare that by refusing to provide a mandated beneficiaries benefit to Plaintiffs, Defendants have violated ERISA;

C.    Order that Defendants pay to Plaintiffs amounts to make Plaintiffs whole for the harm they have suffered due to Defendant's breaches and by providing other appropriate relief.

Dated: December 10, 2022                              _____/s/_____

                                                      Mahesh Bajoria
                                                      Attorney for Plaintiff